## Henry Appel, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Granite City; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 24, 1917. Rehearing denied January 10, 1918.

### Statement of the Case.

Action by Henry Appel, plaintiff, against the Alton, Granite & St. Louis Traction Company and the East St. Louis & Suburban Railway Company, defendants, to recover damages for personal injuries sustained while alighting from the car of the former defendant. From a judgment for plaintiff for $1,250 against the former defendant, the case against the latter defendant being dismissed, the former defendant appeals.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

J. M. BANDY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1410*—*what considered in determining whether verdict against weight of evidence.* In determining whether a verdict in a personal injury case is against the manifest weight of evidence on appeal, the fact that the jury, who are the judges of the credibility of witnesses, saw and heard the witnesses testify and had an opportunity to observe their demeanor on the stand, and to judge of their apparent fairness or unfairness, knowledge or lack of knowledge, in connection with the matters testified to by them, and that the trial judge, who saw and heard the witnesses testify, overruled a motion for a new trial, based upon the claim that the verdict was against the weight of evidence, must be taken into consideration.

2. CARRIERS, § 278*—*what degree of care required towards passengers.* It is the duty of common carriers of passengers to exercise the highest degree of care and caution for their safety and to do all that human foresight can reasonably do to prevent accidents to them consistent with the mode of conveyance and the practical operation of the railway.

3. CARRIERS, § 390*—*when duty is imposed upon to provide step or appliance for alighting passenger.* Where a street car motorman states to a passenger in the front vestibule desiring to alight on the left side, instead of on the proper side, of the car, that he will open the wire gate for him, it becomes the duty of the company to provide a step or other appliance by which the passenger can alight in safety.

4. CARRIERS, § 460*—*when presumed to be negligent in causing injury to passenger resulting from own apparatus.* Where an injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, and the accident is of such a character as does not ordinarily occur, if due care is used, the law raises the presumption of negligence, but this presumption arises from the nature of the accident and attending circumstances and not from the mere fact of the accident.

5. CARRIERS, § 480*—*when due care of passenger alighting from

*left side of car before step is lowered is question for jury.* In an action by a street car passenger for personal injuries sustained as the result of being struck by the rear end of a moving car upon falling after alighting from the left side of the front vestibule of the car, owing to the fact that the step had not yet been lowered by the motorman, *held* that it was a question for the jury whether plaintiff was in the exercise of due care for his own safety.

6. ' NEGLIGENCE, § 191*—*when question for jury.* Where the facts are such that reasonable men of fair intelligence may draw different conclusions, the question of negligence must be submitted to the jury.

7. INSTRUCTIONS, § 151*—*when properly refused.* It is not error to refuse requested instructions covered in the main charge.